UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HEATHER LAUREN MACLEAN SOLOMON,

                  Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                  Defendant.

Case No. CV 13-05121-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

**PROCEEDINGS**

On July 16, 2013, Heather Lauren MacLean Solomon ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on October 23, 2013.  On January 29, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 37-year-old female who applied for Social Security Disability Insurance benefits on August 18, 2010, alleging disability beginning June 14, 2010.  (AR 23.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 14, 2010, the alleged onset date.  (AR 25.)

Plaintiff's claim was denied initially on March 7, 2011.  (AR 23.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sherwin F. Biesman on September 27, 2011, in West Los Angeles, California.  (AR 23.) Claimant appeared and testified at the hearing and was represented by Mario Davila, a non-attorney representative.  (AR 23.)

The ALJ issued an unfavorable decision on October 24, 2011.  (AR 23-31.)  The Appeals Council denied review on May 17, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ erred in rejecting the functional capacity assessments of treating rheumatologist Christianakis and examining pain psychologist Weinstein.

2.    Whether the finding that Ms. Solomon's subjective testimony is not credible is supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 14, 2010, the alleged onset date.  (AR 25.)

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: fibromyalgia, affective disorder and anxiety disorder. (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 25-26.)

The ALJ then found that Plaintiff has the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she would be limited to work involving simple routine tasks.  (AR 26-30.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 27.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a receptionist and personal attendant.  (AR 30-31.)  At step five, however, the ALJ determined that, based upon Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including lens block gauger, table worker and addresser.  (AR 31.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act.  (AR 31.)

## DISCUSSION

The ALJ decision must be affirmed.  The ALJ properly rejected the opinions of Dr. Christianakis and Dr. Weinstein, and also properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends the ALJ erred in rejecting the RFC assessments of treating rheumatologist Dr. Christianakis and examining pain psychologist Dr. Weinstein.  The Court disagrees.

## A.    Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining

professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B.   Analysis

Claimant Heather Lauren MacLean Solomon alleges an inability to work due to chronic fatigue, fibromyalgia and chronic pain.  (AR 26.)  The ALJ found that Plaintiff has the medically determinable severe impairments of fibromyalgia, affective disorder and anxiety disorder.  (AR 25.)  Nonetheless, the ALJ concluded that Plaintiff has the RFC to perform sedentary work limited to simple routine tasks.  (AR 26.)  Plaintiff challenges the ALJ's RFC, contending that the ALJ improperly rejected limitations assessed by Dr. Stratos Christianakis, a rheumatologist, and by Dr. Faye Weinstein, a psychologist, that would preclude all work.

### 1.   Dr. Christianakis

In a January 31, 2011 physician note, Dr. Christianakis diagnosed Plaintiff with fibromyalgia.  (AR 388.)  Fibromyalgia is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments and other tissue."  Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004).  In Benecke, the Ninth Circuit determined that fibromyalgia can be disabling.  It described fibromyalgia as follows:

1    Benecke suffers from fibromyalgia, previously called fibrositis, a

2    rheumatic disease that causes inflammation of the fibrous connective

3    tissue components of muscles, tendons, ligaments, and other tissue.

4    *See, e.g., Lang v. Long-Term Disability Plan of Sponsor Applied*

5    *Remote Tech, Inc.*, 125 F.3d 794, 796 (9th Cir. 1997); *Brosnahan v.*

6    *Barnhart,* 336 F.3d 671, 672 n. 1 (8th Cir. 2003).  Common symptoms,

7    all of which Benecke experiences, include chronic pain throughout the

8    body, multiple tender points, fatigue, stiffness, and a pattern of sleep

9    disturbance that can exacerbate the cycle of pain and fatigue

10   associated with this disease.  *See Brosnahan*, 336 F.3d at 672 n. 1;

11   *Cline v. Sullivan*, 939 F.2d 560, 563 (8th Cir. 1991).  Fibromyalgia's

12   cause is unknown, there is no cure, and it is poorly understood within

13   much of the medical community.  The disease is diagnosed entirely on

14   the basis of patients' reports of pain and other symptoms.  The

15   American College of Rheumatology issued a set of agreed-upon

16   diagnostic criteria in 1990, but to date there are no laboratory tests to

17   confirm the diagnosis.  *See Jordan v. Northrop Grumman Corp.*, 370

18   F.3d 869, 872 (9th Cir. 2004); *Brosnahan*, 336 F.3d at 672 n. 1.

19   Id. at 589-90; see also Harman v. Apfel, 211 F.3d 1172 (9th Cir. 2000) (reversing ALJ

20   decision denying benefits for fibromyalgia); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th

21   Cir. 1991) (upholding benefits for fibrositis, now known as fibromyalgia).  Social Security

22   Ruling 12-2p, 2012 WL 3104869 (July 25, 2012) adopted both the 1990 American

23   College of Rheumatology Criteria and the 2010 Preliminary Diagnostic Criteria for

24   fibromyalgia.

25   Jordan, 370 F.3d at 877, a case in which benefits were denied for fibromyalgia,

26   recognized that the accepted diagnostic test is that Plaintiff must have pain in 11 of 18

27   tender points.  See also Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001) (11 of

28   18 tender points).  Objective tests such as myelograms are administered to rule out

other diseases and alternative explanations for the pain but do not establish the presence or absence of fibromyalgia.  <u>Jordan</u>, 370 F.3d at 873, 877.  It cannot be objectively proved.  <u>Id.</u> at 877.  The symptoms can be worse at some times than others.  <u>Id.</u> at 873.  The Ninth Circuit recognizes fibromyalgia as a physical rather than a mental disease.  <u>Id.</u>  Rheumatology is the relevant specialty for evaluating fibromyalgia.  <u>Benecke</u>, 379 F.3d at 594 n.4.

Dr. Christianakis found, and the ALJ does not dispute, that Plaintiff met the tender points criteria and conducted testing to rule out other causes.  He stated that Claimant's functional status is that "she is unable to concentrate for more than minutes at a time, as well as she is unable to sit/stand in a fixed position for more than minutes at a time.  She is unable to carry any objects more than 5 lbs for a given period of time, and also is unable to stoop, climb or balance."  (AR 388.)  Dr. Christianakis repeated this RFC assessment in February and March 2011.  (AR 384, 380.)  Dr. Christianakis also submitted a Fibromyalgia Impairment Questionnaire on May 13, 2011, again repeating the same RFC assessment and opining that Plaintiff is "[i]ncapable of even 'low stress' jobs."  (AR 428-431.)

Preliminarily, treating source opinions on issues reserved to the Commissioner such as the RFC and the ultimate issue of disability are not binding, controlling or given special significance.  20 C.F.R. § 1527(e)(1), (2) and (3); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001).  Thus, Dr. Christianakis' opinion on Plaintiff's employability is not controlling.

The ALJ afforded "little weight" to Dr. Christianakis' RFC.  (AR 30.)  The ALJ found that Dr. Christianakis' own progress notes fail to support his "extreme" sit/stand/walk limitations.  (AR 30.)  An ALJ may reject a treating physician's opinion that is inconsistent with or unsupported by his treatment notes.  <u>Connett v. Barnhart</u>, 340 F.3d 871, 875 (9th Cir. 2003).  Here, the ALJ found that Dr. Christianakis' progress notes "fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the Claimant did, in fact, have such limitations."  (AR 30.)  The ALJ also found that "there

is no objective evidence that the Claimant suffers from an [*sic*] musculoskeletal impairment of the lumbar spine" resulting in an inability to sit, stand, or walk for a total of one hour a day, as Dr. Christianakis opined.  (AR 30.)  The ALJ further found that, while Claimant was noted in February 2011 at a consulting examination to "ambulate somewhat slowly but otherwise with a non-antalgic gait" (AR 353), there is "no mention in any of the other treating records that the Claimant has difficulty ambulating."  (AR 27.)  Indeed, progress notes reveal Claimant "to be neurologically intact, with normal motor function (i.e., good muscle tone, with good active motion and full (5/5) strength in all extremities), normal sensation, normal reflexes and negative straight leg raising."  (AR 27.)  The ALJ concluded that "one might reasonably expect to see additional medical evidence indicating difficulties with standing and/or walking, however, the record is generally absent the sort of findings that might otherwise indicate an inability to meet the exertional demands of light work."  (AR 27.)  The ALJ's conclusion is supported by the fact that Plaintiff repeatedly presented to Dr. Christianakis "in no current distress."  (AR 288, 300, 379, 387, 417, 461.)  Other than one note indicating decreased range of motion in her joints (AR 387), Plaintiff does not cite any medical records or notes indicating that Dr. Christianakis actually observed Plaintiff having difficulty walking, sitting or standing.

The ALJ next found that, despite her pain, Claimant reported improvement in her fibromyalgia pain symptoms from trigger point injections, medication and medical marijuana.  (AR 27, 30.)  Impairments that can be controlled effectively with medication are not disabling.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).  Here, the ALJ found that Plaintiff asserted her symptoms were "much better" after trigger point injections.  (AR 27.)  Dr. Christianakis repeatedly noted that Claimant reported "immediate relief" after trigger point injections (AR 27, 288, 302, 380, 388, 398, 462) and that "her symptoms are much better after his interventions."  (AR 291.)   On other occasions, Plaintiff told Dr. Christianakis that the trigger point injections "helped a lot" or were "helping her a great deal."  (AR 28, 290, 378, 382, 460.)  Dr. Christianakis

repeatedly noted Plaintiff receives relief from medical marijuana.  (AR 286, 386, 396, 400) and at the hearing she stated, "It works for me."  (AR 44.)  The ALJ concluded that Plaintiff's treatment by trigger point injections, pain medication and medicinal marijuana has been generally successful in controlling her symptoms.  (AR 29.)  Dr. Christianakis' RFC does not account for Plaintiff's improvement in response to his treatment regimen. Plaintiff contends that her relief from medication was temporary but the medical evidence of improvement is extensive.

Dr. Christianakis, moreover, necessarily had to rely on Plaintiff's self-reported subjective symptoms that the ALJ found less than fully credible, as discussed below. (AR 27-30.)  An ALJ may reject a physician's opinion based on discredited subjective symptoms.  Tonapetyan, 242 F.3d at 1149 (treating physician's opinion based on subjective complaint of claimant whose credibility has been discounted properly disregarded); Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded once those complaints have themselves been properly discounted").

An ALJ also may reject a treating physician's opinion that is inconsistent with other medical opinion evidence.  Connett, 340 F.3d at 875.  Here, the ALJ relied on the medical opinion of consulting internist, Dr. Ursula Taylor, who noted Plaintiff was "in no acute distress" at the examination.  (AR 352.)  Dr. Taylor found Plaintiff able to ambulate without the walker she brought to the examination.  (AR 27, 353, 354.)  Dr. Taylor determined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, and stand and walk 6 hours in an 8 hour day with no sitting or postural restrictions.  (AR 29, 355.)  Additionally, a State reviewing physician concluded Plaintiff could perform sedentary work, an assessment that takes into consideration Claimant's pain along with her abilities to do light household chores and activities of daily living. (AR 30, 376.)  Plaintiff mistakenly contends that Dr. Taylor's opinion does not rest on independent evidence and is not substantial evidence.  To the contrary, she is an

examining physician whose RFC assessment was based on her own independent

clinical findings and thus her opinion is substantial evidence.  Andrews, 53 F.3d at 1041.

Plaintiff contends that the ALJ's focus on the lack of any muscular impairment is

misplaced because she has not asserted such an impairment.  The ALJ, however, was

ruling out any basis for Dr. Christianakis' exertional limitations, whether from

musculoskeletal impairments or fibromyalgia pain.  Plaintiff contends that the ALJ

misunderstands fibromyalgia which cannot be proven objectively but the ALJ accepted

Dr. Christianakis' fibromyalgia diagnosis and, then, based on all the medical and other

evidence, concluded that Plaintiff could perform jobs at the sedentary, unskilled level of

exertion.  (AR 31.)

Plaintiff disagrees with the ALJ's interpretation of the evidence but the ALJ has the

responsibility to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.

Where the ALJ's interpretation of the record is reasonable as it is here, it should not be

second-guessed.  Rollins, 261 F.3d at 857.

The ALJ rejected Dr. Christianakis' limitations in excess of those in the ALJ's

assessed RFC for specific, legitimate reasons supported by substantial evidence.

2.    Dr. Weinstein

As to mental impairments, the ALJ found that Plaintiff has affective and anxiety

disorders related to her physical impairment.  (AR 28.)  The ALJ's RFC accommodates

these mental impairments by limiting Plaintiff to simple routine tasks.  (AR 26.)  The ALJ

rejected the May 2, 2011 work-preclusive pain management psychological report of Dr.

Faye Weinstein.  (AR 28, 424-425.)  Dr. Weinstein found that "[p]er the patient's report,"

Claimant is impaired in her ability to maintain a work pace appropriate to a given

workload, and is "reactive to both mild and moderate stress which triggers agitation,

depression and flares of pain."  (AR 425.)  Dr. Weinstein also indicates that Plaintiff

complained of deficiencies of concentration, persistence and pacing.  (AR 425.)

Because the Plaintiff did not think psychotherapy and pain management would be

12

1  helpful, Dr. Weinstein opined that it was unclear whether therapy would allow a return to
2  work.  (AR 425.)

3       The ALJ rejected Dr. Weinstein's summary report for specific, legitimate reasons
4  supported by substantial evidence.  First, the ALJ found that Dr. Weinstein did not
5  provide any objective evidence such as a mental status examination or even a progress
6  note from the initial evaluation.  (AR 28.)  An ALJ may reject a treating physician's
7  opinion that is inadequately supported by medical evidence or objective medical
8  findings, unsupported by the record as a whole or is brief and conclusory.  Thomas, 278
9  F.3d at 957; Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004.)

10       Second, the ALJ found that, given the lack of objective support, Dr. Weinstein
11  relied heavily on Plaintiff's report of symptoms and limitations.  (AR 28.)  As already
12  noted, an ALJ may reject a physician's opinion based on discredited subjective
13  symptoms.  Tonapetyan, 242 F.3d at 1149; Andrews, 53 F.3d at 1043.  As discussed
14  below, the ALJ properly discounted Plaintiff's credibility.  Plaintiff contends that Dr.
15  Weinstein also relied on the report of the referring physician Dr. Richeimer but Dr.
16  Weinstein's brief report plainly describes Plaintiff's complaints and relies heavily on
17  them, and Dr. Richeimer's opinions are themselves undermined by Plaintiff's discredited
18  subjective symptoms.

19       Third, other medical evidence is inconsistent with Dr. Weinstein's work-preclusive
20  opinion.  The ALJ determined that the only objective medical evidence in the record
21  regarding Plaintiff's mental impairments was the psychological evaluation of Dr. Sonia
22  Martin.  (AR 28-29, 345-350.)  Dr. Martin diagnosed anxiety disorder and found Plaintiff
23  largely unimpaired in work functioning with but a few mild or moderate limitations.  (AR
24  349.)  Dr. Martin found Plaintiff unimpaired in the ability to follow simple or complex
25  instructions and to maintain adequate attention, and adequate pace and persistence.
26  Dr. Weinstein found Plaintiff mildly impaired in the ability to adapt to changes in job
27  routine, and moderately impaired in the ability to withstand the stress of a routine
28  workday and to adapt to changes and stresses in the workplace.  (AR 349.)  Dr.

1   Weinstein reported that Plaintiff stated "she manages her anxiety" with yoga and medical
2   marijuana.  (AR 345, 346.)  As previously noted, impairments controlled effectively with
3   medication are not disabling.  Warre, 439 F.3d at 1006.  The ALJ gave "significant
4   weight" to Dr. Martin's opinion (AR 30) and also relied on a State reviewing physician
5   who concluded that Claimant could perform simple tasks with no significant limitations in
6   the ability to sustain concentration, relate to others or adapt to a normal workplace.  (AR
7   30.)

8       Fourth, the ALJ found that Plaintiff's conservative treatment was inconsistent with
9   a disabling mental impairment.  (AR 28, 29.)  She does not see anyone for mental health
10  treatment and does not take any drugs but does "manage" her anxiety with marijuana.
11  (AR 28, 29, 44, 45, 345-46.)

12      Again, the ALJ has the responsibility for resolving conflicts in the medical
13  evidence.  Andrews, 52 F.3d at 1039.  Where the ALJ's interpretation of the record is
14  reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

15  **II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

16      Plaintiff contends that the ALJ erred in discounting her subjective
17  symptom testimony.  The Court disagrees.

18      **A.    Relevant Federal Law Regarding Credibility**

19      The test for deciding whether to accept a claimant's subjective symptom
20  testimony turns on whether the claimant produces medical evidence of an
21  impairment that reasonably could be expected to produce the pain or other
22  symptoms alleged.  Bunnell, 947 F.2d at 346; see also Reddick v. Chater, 157
23  F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The
24  Commissioner may not discredit a claimant's testimony on the severity of
25  symptoms merely because they are unsupported by objective medical
26  evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ
27  finds the claimant's pain testimony not credible, the ALJ "must specifically make
28  findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ

1    must set forth "findings sufficiently specific to permit the court to conclude that

2    the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at

3    958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless

4    there is evidence of malingering, the ALJ can reject the claimant's testimony

5    about the severity of a claimant's symptoms only by offering "specific, clear and

6    convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also

7    Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible

8    and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen,

9    80 F.3d at 1284.

10            **B.    Analysis**

11           In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically

12   determinable severe impairments reasonably could be expected to cause her

13   alleged symptoms.  (AR 26.)  The ALJ, however, also found that Plaintiff's

14   statements regarding the intensity, persistence and limiting effects of these

15   symptoms were not credible to the extent inconsistent with the ALJ's assessed

16   RFC.  (AR 27.)  Because the ALJ did not make a finding of malingering, he was

17   required to provide clear and convincing reasons supported by substantial

18   evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The

19   ALJ did so.

20           First, the ALJ found that the objective medical evidence regarding

21   Plaintiff's impairments does not support a finding that she is unable to perform

22   sustained work activity.  (AR 29.)  An ALJ is entitled to consider a lack of

23   medical evidence to corroborate a claimant's symptoms so long as it is not the

24   only reason for discounting credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81

25   (9th Cir. 2005).  Specifically, the ALJ found that the alleged exertional

26   limitations such as lifting, standing and walking are unsupported by the

27   objective medical evidence.  (AR 27.)  Despite Plaintiff's claim that

28   Dr. Christianakis prescribed a walker, there were no records to substantiate this

allegation.  (AR 27.)  Dr. Taylor, moreover, specifically found that there was no need for a walker.  (AR 27, 353.)  With regard to fibromyalgia, the ALJ found that treatment had been generally successful in controlling her pain symptoms with trigger point injections, pain medication and medical marijuana.  (AR 29, 27.)  Dr. Martin found that Plaintiff's mental impairments did not preclude work.  (AR 30.)

Second, the ALJ found that Plaintiff's medical treatment is inconsistent with claims of disabling symptoms.  (AR 29.)  Plaintiff reported that she had obtained considerable relief for her fibromyalgia pain from trigger point injections, medications and medical marijuana.  Impairments that can be controlled effectively with medication are not disabling.  Warre, 439 F.3d at 1006.  The ALJ also found that Plaintiff has not sought any mental health treatment or taken anti-depressant medication consistently, and is no longer seeing anyone or taking any medication.  (AR 28, 29, 55); Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (An ALJ, in evaluating credibility, may consider any "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment").  Additionally, Plaintiff eschewed more aggressive treatment and medication in favor of a more conservative regimen of medical marijuana.  (AR 44, 55.)  Conservative treatment is a legitimate basis for discounting credibility.  Parra, 481 F.3d at 751.

Again, the ALJ has the responsibility for resolving ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

1
2
The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability
determination is supported by substantial evidence and free of legal error.

3
**ORDER**

4
5
6
IT IS HEREBY ORDERED that Judgment be entered affirming the
decision of the Commissioner of Social Security and dismissing this case with
prejudice.

7

8
DATED: February 25 , 2014                                    _/s/ John E. McDermott_
                                                          JOHN E. MCDERMOTT
9                                                        UNITED STATES MAGISTRATE JUDGE

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28